# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANINE HERMAN HENDRICKS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Civil No. 2:17-cv-04270-AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for disability insurance benefits. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter now is ready for decision.

## BACKGROUND

Plaintiff filed an application for disability benefits under Title II of the Social Security Act. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on December 30, 2015 at which Plaintiff, her attorney, a medical expert ("ME"), and a vocational expert

("VE") were present. (Administrative Record ["AR"] 35-73.)[1]

In a January 21, 2016 decision, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia, arthritis, degenerative disc disease of the cervical spine, and bilateral shoulder arthralgia. The ALJ determined that Plaintiff retained the RFC (residual functional capacity) to perform medium work as defined in 20 CFR 404.1567(c), except that Plaintiff was limited to standing and walking 6 hours in an 8-hour day and to sitting 6 hours in an 8-hour day; was limited to frequent reaching, handling, and fingering bilaterally; could not climb ladders, ropes, and scaffolds; must avoid exposure to unprotected heights, dangerous machinery, and concentrated exposure to fumes or dust; and was precluded from understanding, remembering and carrying out detailed instructions 10% of an 8-hour workday. Given the foregoing RFC, Plaintiff was incapable of performing her past relevant work as a Hair Dresser/Hair Stylist. Based upon the testimony of the VE, the ALJ concluded that Plaintiff's RFC did not preclude her from performing other jobs that exist in significant numbers in the national economy. Thus, the ALJ concluded that Plaintiff was not disabled at any time from December 1, 2012 to the date of the decision. (AR 16-32.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-6), rendering the ALJ's decision the final decision of the Commissioner.

## DISPUTED ISSUE

Whether the ALJ's RFC assessment was supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v.*

---

[1] The hearing was conducted by video. Plaintiff, her attorney, and the two experts were present in Fresno, California, while the ALJ presided over the hearing in San Jose, California. (AR 35.)

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ failed to properly evaluate the medical evidence. Specifically, Plaintiff contends that the ALJ erroneously rejected the opinion of the medical expert, Wil B. Nelp, M.D.

At the hearing, Dr. Nelp testified that he had reviewed Plaintiff's medical records. The records reflected that she suffered from intermittent asthma-like attacks. Dr. Nelp noted that Plaintiff never had to be hospitalized for treatment and that her condition was "very responsive to medication" and "under good medical control." (AR 38.) With regard to arthritis, Dr. Nelp testified that Plaintiff suffered from "mild" inflammatory arthritis, noting that she retained a full range of motion, she suffered from no weakness or joint swelling at her most recent examination, and her condition was "under excellent control" with medication. (AR 38-40, 42.) Dr. Nelp reiterated that Plaintiff's medications were effectively treating her asthma and keeping her arthritis "in check." (AR 41.) With regard to Plaintiff's fibromyalgia, Dr. Nelp found no evidence of trigger point tenderness on examination that would support the impairment's diagnostic criteria. (AR 40-41.) He noted that Plaintiff suffered from obesity, stating that it was "a possible issue." (AR 42.) Dr. Nelp further testified that

Plaintiff's condition was stable and she was preparing to go on a six-month motor home trip. (AR 41.) He highlighted the March 2014 disability determination review in which the State agency physician concluded that Plaintiff had few exertional limitations. (AR 42, 89-103.)

With regard to Plaintiff's RFC, Dr. Nelp opined that Plaintiff could function "near the light level at least"; could sit six hours per day without issue; stand and walk two to four hours during the working day with the usual breaks; could lift 20 pounds occasionally and up to 10 pound frequently. (AR 43.) He further opined that Plaintiff could occasionally stoop, kneel, and crouch, but could not crawl; reaching overhead would be "slightly limited due to the excessive obes[ity] issue in the shoulder area"; and Plaintiff should avoid heights, hazards, fumes and dust. (*Id.*).

In assessing Plaintiff's RFC, the ALJ summarized and considered the medical records, including the evidence related to arthritis, fibromyalgia, degenerative disc disease, and shoulder arthralgia. (AR 25.) The ALJ then discussed the testimony of Dr. Nelp and afforded it partial weight. He rejected Dr. Nelp's opinion regarding Plaintiff's RFC, however, explaining that it was more restrictive than the medical evidence supported. (AR 26 (citing Exhibits 11F 4, 16, 25, 27, 51).) Instead, the ALJ gave substantial weight to the opinions of the State agency medical consultants who determined that Plaintiff would be capable of a reduced range of medium work. (AR 26.) The ALJ explained that the State agency medical consultants' findings were consistent with the medical evidence demonstrating that Plaintiff's impairments responded well to treatment. (*Id.*).

Finally, the ALJ concluded:

> [Plaintiff]'s fibromyalgia, arthritis, and degenerative disc disease are addressed by the limitations to the light exertional level and additional postural and environmental limits. Her arthritis is further addressed by the limitation to handling and fingering. Her bilateral shoulder arthralgia is accounted for by the reaching limitation and by the light exertional

4

>                    level. Additionally, any effects of her nonsevere mental impairment and
>                    distraction due to pain are considered by the minor restriction on
>                    understanding, remembering, and carrying out detailed instructions.
>                    Finally, the requirement that she avoid concentrated exposure to fumes
>                    and dust is a prophylactic measure designed to accommodate her
>                    nonsevere, controlled asthma.

(AR 26.)

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Nelp's RFC assessment. (Plaintiff's Memorandum ["Mem."] at 5). To the extent that Plaintiff's argument suggests that the ALJ was required to provide reasons equivalent to those applicable to an ALJ's rejection of a treating physician, it is erroneous. Dr. Nelp is a non-examining medical expert, so the ALJ was merely required to evaluate his opinion, reference specific evidence in the medical record, and explain the weight to which it was entitled. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *Haynes v. Colvin*, 2016 WL 844802, at *3 (C.D. Cal. Mar. 1, 2016); *Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1135 (C.D. Cal. 2009). As set forth above, the ALJ met his obligation by explaining that he found Dr. Nelp's opinion overly restrictive in light of the evidence showing that Plaintiff's impairments were effectively treated. *See generally Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling).

Plaintiff contends that the ALJ erroneously rejected Dr. Nelp's RFC because the medical records cited by the ALJ "actually bolster" Dr. Nelp's opinion. (Plaintiff's Mem. at 6.) The ALJ cited the following medical evidence in support of his conclusion:

- A November 2015 examination by Plaintiff's treating physician reflecting that Plaintiff had no joint tenderness, deformity or swelling; full range of motion in both shoulders; no significant cervical adenopathy; and her respiratory

examination was normal. Plaintiff had pain at the base of her left third toe after she hit it on a bed stand. Plaintiff was stable, was "doing well," and was getting ready to go on a six-month trip in her motor home. (AR 335-336.)

- A July 2015 examination by Plaintiff's treating physician reflecting that Plaintiff's arthritis was better on low dose of methotrexate ("MTX") and recommending an increase of that medication to 17.5 mg. (AR 347.)

- A June 2015 examination by Plaintiff's treating physician reflecting that Plaintiff had been feeling generally better since taking MTX; that she had moderate persistent asthma but it seemed to be controlled; she had dyspnea on exertion, used albuterol before exercise, and was able to walk ½ mile on hills; she had taken prednisone several times in the past for asthma exacerbations but had experienced none recently; her chest was clear; and she had no joint tenderness, deformity or swelling. (AR 356, 358.)

- A March 2015 examination by Plaintiff's treating physician reflecting that Plaintiff obtained some relief from MTX. Plaintiff stated that since she began taking MTX three months earlier, she had noticed more energy and "fewer bad days," but that activity and stress "still trigger he symptoms." Plaintiff's musculoskeletal examination revealed that swelling at the MCPs described in January had resolved and that Plaintiff's wrists and elbows were normal. There was impingement of the A-C joints bilaterally, and "scattered but few trigger points." (AR 382-383.)

Contrary to Plaintiff's argument, the foregoing medical evidence does not "bolster" Dr. Nelp's opinion regarding her RFC. Rather, the records support the ALJ's conclusion that Plaintiff's asthma, arthritis, and fibromyalgia were well controlled by medication. Thus, it constitutes support for the ALJ's decision to reject Dr. Nelp's opinion. *See Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984) ("A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record.").

6

In support of her argument, Plaintiff points to portions of the records diagnosing her with sero-negative rheumatoid arthritis, including an ultrasound showing early erosive disease. (*See* AR 311-314.) The existence of a diagnosis, however, is not dispositive of Plaintiff's level of functioning. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); *Morales v. Astrue*, 2008 WL 4394177, at *4 (C.D. Cal. Sept. 8, 2008) ("Simply put, as often stated, it is not the existence of a diagnosis which has ultimate impact on the disability analysis; rather, it is a demonstration that a diagnosis of a particular condition includes relevant functional limitations."). Plaintiff also cites notations in the record indicating that Plaintiff reported occasional hand swelling, low back pain that was worse in the evenings, and hand and foot pain that was worse in the morning and lasted between 30 to 45 minutes. (Plaintiff's Mem. at 6; AR 382-383.) Records of Plaintiff's subjective complaints, however, neither provide objective medical support for Dr. Nelp's opinion nor undermine the ALJ's conclusion that Dr. Nelp's opinion was entitled to only partial weight.

Next, Plaintiff argues that the opinions of the State agency medical consultants cannot constitute substantial support for the ALJ's decision because the consultants last reviewed Plaintiff's medical records on March 3, 2014. It is true that in the case of a deteriorating medical condition, the most probative medical opinions generally are those rendered most recently. *See Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985). Here, however, Plaintiff's medical records post-dating the State agency decisions do not reveal that Plaintiff's condition had deteriorated. In fact, the recent medical evidence suggests that Plaintiff's symptoms were either stable or improved with medication since March 2014, the date on which the State agency opinions were made. (*See* AR 304-419.)

In support of her claim, Plaintiff refers to the August 2014 ultrasound of her right second MCP joint which revealed active synovitis and erosion consistent with rheumatoid arthritis. (AR 320-321.) The ultrasound findings, however, do not render

the State agency opinions unreliable. As a result of this ultrasound, Plaintiff's treating rheumatologist, Candice Yuvienco, M.D., prescribed Plaquenil. In her October 2014 follow-up appointment, Plaintiff reported significant improvement from the medication and denied any joint pain. Further, Dr. Yuvienco indicated that Plaintiff remained functional. (AR 317-318.) According to Dr. Yuvienco, Plaintiff had "controlled disease, with absence of symptoms." (AR 319.)

In March 2015, Plaintiff began treatment at Kaiser. As set forth above, the Kaiser records reveal that Plaintiff was stable and doing well with her medication. (AR 332-419.) Specifically, Plaintiff's treating physician found that Plaintiff exhibited no joint tenderness, deformity or swelling, no synovitis, scattered "but few" trigger points, full range of motion, and had responded well to medication. (AR 334-336, 365-366, 382-384.) Indeed, based upon his review of the entire record, Dr. Nelp testified that Plaintiff's condition was stable and effectively controlled by medication. (AR 40-42.)

Thus, contrary to Plaintiff's suggestion, the more recent medical evidence does not undermine the opinions of the State agency medical consultants, and the ALJ did not err by relying on those opinions. *See Melissa Claire Gilleon v. Colvin*, 2016 WL 4530874, at *18 & n.8 (S.D. Cal. Aug. 5, 2016) (ALJ did not err in rejecting more recent medical opinion in favor of assessments of State agency physicians even though State agency physicians were unable to review subsequently submitted medical evidence because plaintiff had not shown that she suffered from a progressive condition), *report and recommendation adopted*, 2016 WL 4507455 (S.D. Cal. Aug. 29, 2016); *Salter v. Barnhart*, 2003 WL 22114263, at *4 (N.D. Cal. Sept. 8, 2003) (same). Because the opinions of the State agency physicians were consistent with the medical record, the ALJ was entitled to rely upon them. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (explaining that a non-examining physician's opinion may serve as substantial evidence when the opinion is consistent with evidence in the record); *Morgan v. Comm'r Soc. Sec. Admin.*, 169

8

F.3d 595, 600 (9th Cir. 1999) (same).

      Finally, Plaintiff argues that "[i]f the ALJ had any concerns regarding Dr. Nelp's testimony he should have inquired at the hearing," and points out that the ALJ had a duty to develop the record. (Plaintiff's Mem. at 7.) Plaintiff is correct that the ALJ has a duty to develop the record when evidence is ambiguous or if the record is inadequate to allow proper evaluation of the evidence. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Here, however, Dr. Nelp's testimony was not ambiguous, and nothing suggests that the record was inadequate. *See Mayes v. Massanari,* 276 F.3d 453, 460 (9th Cir. 2001) (the duty to develop the record was not triggered because "[t]he record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence").

      For the foregoing reasons, substantial evidence supports the ALJ's RFC determination. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.") (citation and internal quotation marks omitted); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.") (citation omitted).

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered AFFIRMING the decision of the Commissioner of Social Security.

DATED: 4/27/2018

                                            _____
                                            ALEXANDER F. MacKINNON
                                            UNITED STATES MAGISTRATE JUDGE